REED *et al.*, *Appellants*, v. LANE *et al.*

Division One, May 28, 1894.

Deed: ESTATE TAIL: STATUTE. A conveyance to a woman and "her heirs by the body of S.," S. being her husband, creates an estate tail, which, under Revised Statutes, 1889, section 8838, is converted into an estate for life in the woman with remainder in fee to her heirs begotten by S. her husband.

*Appeal from Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Frost & Wear* for appellants.

(1) Martha A. May, the mother of appellants, bought the lands in controversy and paid value for them; hence the grantor had no right to limit the interest of his grantee. *Wood v. Kice,* 103 Mo. 329. (2) And it is plain that he had no intention of retaining a reversionary interest therein; and it is also plain from the circumstances and evidence in the case that the grantee had no such intention. But according to the construction of the deed by the court had Mrs. May died without heirs by the body of Silas May, the whole property would have reverted to the grantor, L. J. Blankenship, contrary to his intention or expectation. 6 Am. and Eng. Encyclopedia of Law, title, Estates, page 879, subdiv., Estate Tail; Tiedeman on Real Property, sections 45 and 46. (3) In the construction of deeds the intention of the grantor is the first thing to be determined, and effect given to that intention, if it

can be determined. *Rines v. Mansfield*, 96 Mo. 394. (4) Martha A. May took the fee simple estate to the lands described in the deed, as the conveyance is to her and her assigns, and not the assigns of her heirs by the body of Silas May only. The word "assigns," as used in the deed, means "assignees." 1 Burrill's Law Dictionary.

*N. Gibbs* and *T. M. Allen* for respondents.

(1) The deed to Martha May, being "to her and her heirs by the body of Silas May only," conveyed to Martha May an estate for life, and remainder in fee to her children begotten by Silas May. The word "heirs," in the deed, means children. The words used in this deed are substantially the same as those used in the devise, passed upon by this court in *Bone v. Tyrrell*, 113 Mo. 175. R. S. 1889, sec. 8836; Gen. Stat. Mo., 1865, page 442, sec. 4; *Bone v. Tyrrell*, 113 Mo. 175; *Godman v. Simmons*, 113 Mo. 122; *Emmerson v. Hughes*, 110 Mo. 627. (2) When an instrument is to be construed, a knowledge of its subject-matter, and the relation of the parties become important, and parol evidence as to the same is admissible to aid in its interpretation. *Black River Lumber Co. v. Warner*, 93 Mo. 374. (3) The consideration clause in a deed is always open to explanation and contradiction. *Fontaine v. Saving Institution*, 57 Mo, 552; *Hollocher v. Hollocher*, 62 Mo. 267; *Edwards v. Smith*, 63 Mo. 119; *McConnell v. Brayner*, 63 Mo. 461; *Baile v. Ins. Co.*, 73 Mo. 371; *Bank v. Aull*, 80 Mo. 199; *Williams v. Crow*, 84 Mo. 298.

MACFARLANE, J.—This suit is ejectment to recover three undivided tenths of certain real estate, situate in Barry county. There are three plaintiffs, each of

whom claim a right to one undivided tenth of the land. The land in question was conveyed by L. J. Blankenship to Martha May by deed dated the first day of February, 1878. This deed recited a consideration of $1,500 paid by Martha May, as party of the second part, and granted, bargained and sold the land "unto the said party of the second part, her heirs by the body of Silas May only and assigns." The *habendum* was "unto the said party of the second part, and unto her heirs by the body of Silas May only and assigns forever."

Silas May was the husband of the said Martha May at the date of the deed. Martha May died before the institution of this suit, leaving six children by her marriage with Silas May. Defendants are in possession under deeds from five of these children. Plaintiffs are children of the said Martha May by a former marriage. The land was bought and paid for by Silas May, and the character of the deed and the limitations therein were presumably made under his directions.

The court held, by a declaration of law given, that, under the deed in question, the said Martha May took an estate in the land for life, with remainder in fee to her children begotten by Silas May. The judgment was for defendants, and plaintiffs appealed.

The proper construction to be given the deed from Blankenship to Martha May presents the sole question for our conderation in this case. If the language of the deed created in the grantee what would, at common law have been an estate tail special, then section 8838 of our statute converted it into an estate for life only of the grantee, with remainder in fee to her heirs begotten by her husband, Silas May. This effect of the statute upon such estates has been settled by a number of decisions of this court, and that question need not be again considered. *Godman v. Simmons*, 113 Mo.

127; *Emmerson v. Hughes*, 110 Mo. 627; *Bone v. Tyrrell*, 113 Mo. 175. The sole question, as to construction, then is, whether this deed created an estate tail, and we think it did.

As Silas May, the husband of the grantee, bought and paid for the land, that he should desire the inheritance to go to his own children was but natural, and that he did so desire and intend is clearly expressed in the deed. Being a conveyance upon a full consideration, paid by the husband, it will be presumed that he intended it as a provision for his wife, and that the character of the estate granted, was made by the grantor under his direction. To effectuate the intention of the parties, if, to do so, is consistent with the rules of law, should govern us in the construction of the deed.

In speaking of the words necessary to create an estate tail, Blackstone says: "As the word *heirs* is necessary to create a fee, so * * * the word *body*, or some other words of procreation, are necessary to make it a fee tail, and ascertain to what heirs in particular the fee is limited. If, therefore, either the words of inheritance or words of procreation be omitted, albeit the others are inserted in the grant, this will not make an estate tail." 2 Bl. Com., 114.

We have in this deed both, words of inheritance and words which, by necessary implication, denote procreation. The grant is to Sarah May "and her heirs." Had the deed stopped there a fee simple estate would have been created. The limitation would have been to the heirs general of the grantee. In order to create a fee tail additional words would be necessary, designating what particular heirs of the grantee were intended, and the body out of which they should issue. 2 Bl. Com., *supra*. The objection is made that the words of procreation used in the deed are insufficient to create an estate tail for the reason

that the limitation is not to the heirs of the body of the grantee, Mrs. May, but to those of the body of Silas May. We do not think there is any force in this objection. While the words of limitation generally used in creating an estate tail are "heirs of the body," their use is not absolutely essential. Any other equivalent words or expression which clearly make the limitation to the heirs of the body of the grantee will be sufficient. The intention of the parties is the primary object to be sought in the construction of such instruments.

Now, Sarah May, the grantee, was the wife of Silas May. The land was conveyed to "Martha May, her heirs by Silas May only, and assigns." Martha May died leaving children by her marriage with Silas May. Who alone can answer to the description of the heirs as used in this deed, but the children of Martha May and her husband Silas May? They were the "heirs of the body" of the grantee by Silas May, and as easily ascertained as if those very words of limitation had been used. They are also limited to those of her heirs who were born of her marriage with Silas May, and therefore, the deed created a fee tail special, and, upon the death of the grantee the fee became vested in her children by her husband Silas May. R. S. 1889, sec. 8838; *Godman v. Simmons, supra.*

A deed conveyed the land to "L. and her heirs by her present husband, H. L." It was held that an estate fee tail was created. In that case the court says: "Who, under the law, could be her heirs, by her present husband, except the children by him begotten?" *Lehndorf v. Cope,* 122 Ill. 329.

The court correctly construed the deed, and its judgment is affirmed. All concur.