FANNING, *Appellant*, v. DOAN.

Division One, May 14, 1895.

| | |
|---|---|
| 128 | 323 |
| s139 | 399 |
| 139 | 413, |
| 128 | 323 |
| 146 | 616 |
| 128 | 323 |
| 152 | 497 |
| 128 | 323 |
| 171 | ¹222 |
| e171 | ¹224 |

1. **Deed, Construction of**: FEE SIMPLE: FEE TAIL. A deed to B. and her heirs by A., "their heirs and assigns forever," made after the death of A. by one to whom he had conveyed the land in trust for himself and family, does not vest a fee tail in B. (which, by Revised Statutes, 1889, section 8836, would be converted into a life estate in her, with remainder over to her children by A.), but a fee simple estate in her and her said children.

2. ———: ———: "HEIRS": "CHILDREN." The word "heirs" in a conveyance will be construed to mean "children," and *vice versa*, whenever the context so requires in order to give meaning and effect to all parts of the instrument.

*Appeal from Grundy Circuit Court*—Hon. Paris C. Stepp, Judge.

Reversed and remanded.

*Kelso & Schooler* and *A. H. Burkeholder* for appellant.

(1) The deed from Benajah Doan to Sarah A. Doan and her heirs by John Doan, their heirs and assigns forever, immediately vested the entire estate conveyed, equally in respondent and her children by John Doan. *Hamilton v. Pitcher*, 53 Mo. 336; *Allen v. Claybrook*, 58 Mo. 124; *Rines v. Mansfield*, 96 Mo. 399; *Bodine's Adm'r v. Arthur*, 91 Ky. 53; *Tinder v. Tinder*, 131 Ind. 381. (2) Our laws and courts favor vested estates and encourage alienation, and to hold that the deed from Benajah Doan created a fee tail special would be against the manifest intention of the grantor and out of harmony with the spirit and genius of our laws. *Godman v. Simmons*, 113 Mo. 130, and authorities cited. (3) The words "her heirs by John Doan" were not used in their legal or technical sense. It would be against the manifest intention of the grantor to construe them as an expression equivalent to procreative words. Respondent had no heirs. These words mean her children by John Doan. *Cornelius v. Smith*, 55 Mo. 533; *Waddell v. Waddell*, 99 Mo. 342; *Reed v. Lane*, 122 Mo. 311; *Rines v. Mansfield*, 96 Mo. 399. (4) Respondent construed the deeds from Benajah Doan for herself, and acted on it. And the court will not be at liberty to disregard her construction. *Goodyear v. Carey*, 4 Blatchf. (C. C.), 271; *Gaslight Co. v. St. Louis*, 46 Mo. 130; *Jones v. Delassus*, 84 Mo. 541.

*Harber & Knight* and *O. G. Bain* for respondent.

The grant of Benajah Doan's deed, March 5, 1878, "unto the said Sarah A. Doan and her heirs by John Doan, their heirs and assigns forever," created an estate tail. And this estate, the statutes of this state, section 8838, 1889, converted, as soon as created, into a life estate, in Sarah A. Doan, remainder in fee to her children by John Doan. *Clarkson v. Clarkson*, 125 Mo. 381; *Reed v. Lane*, 122 Mo. 311; *Godman v. Simmons*, 113 Mo. 122; *Bone v. Tyrrell*, 113 Mo. 175; *Emmerson v. Hughes*, 110 Mo. 627; *Lelandorf v. Cope*, 122 Ill. 317; Tiedeman on Real Property, ch. 4, secs. 44-52.

BRACE, P. J.—This is an appeal from the judgment of the circuit court of Grundy county sustaining a demurrer to plaintiff's petition. The substantial averments of the petition are, that in the year 1861 the defendant, Sarah A. Doan, who was then a widow having children by two former marriages then and still living, and one John Doan intermarried and lived together as husband and wife on the farm of the said John in Grundy county until the death of the said John. That there was born to them of said marriage four children, John, Daniel, Deborah and Reeves S. That a short time before the death of the said John, Sr., he, by general warranty deed, in which his said wife joined, conveyed his said real estate to his brother, Benajah Doan, for the expressed consideration of $10,000, but that in truth and fact no consideration whatever was paid for said deed. That the title to said land was thus placed in the said Benajah to be by him held in trust for the use and benefit of the said John, Sr., and his wife and his said children and heirs by her. That on the sixth of November, 1876, the said John Doan, Sr., died, leaving the said Sarah A., his

widow, and her said children by him, surviving. That on the fifth of March, 1878, the said Benajah Doan in discharge of said trust duly executed, acknowledged and delivered a deed to said real estate as follows, to wit:

"Know all men by these presents, that I, Benajah Doan, of the county of Muskingum, in the state of Ohio, for and in consideration of the sum of eight thousand ($8,000) dollars to me in hand paid by Sarah A. Doan and her heirs per John Doan, of the county of Grundy, state of Missouri, the receipt whereof I do hereby acknowledge, have remised, released, and forever quitclaimed, and by these presents do remise, release, and quitclaim unto the said Sarah A. Doan and her heirs by John Doan, their heirs and assigns forever, the following described premises situate in the county of Grundy, and state of Missouri, to wit:" (Here follows a description of the land.)

That afterward, in the month of July in the year 1881, the said Deborah, daughter of the said John and Sarah Doan, intermarried with the plaintiff, and in November, 1882, thereafter, died intestate leaving as her sole heir her son, John H. Fanning, born of said marriage. That afterward, to wit, on the third day of August, 1883, the said John H. Fanning also departed this life intestate, leaving the plaintiff, his father, his only heir at law, and as such entitled to the one undivided fifth part of said land. That afterward, to wit, on the first day of January, 1884, the defendant, and the said John Doan, Jr., Daniel Doan and Reeves S. Doan, took exclusive possession of said land, sold and conveyed about fifty acres of the same to one Eli Hotchkiss, and divided the remainder, about six hundred and thirty acres, among themselves, by parol partition, taking possession of the lands so set off to themselves respectively and afterward making deeds to each other therefor; that by such division certain of said

lands, described in the petition and containing one hundred and ninety-four acres, were thus set off and conveyed to the defendant who took and now holds exclusive possession thereof against the plaintiff, wherefore he prays for judgment for the recovery of the possession of the one undivided fifth part of the premises so held by the defendant.

Plaintiff contends that, by the granting clause in the deed from Benajah Doan "to Sarah A. Doan and her heirs by John Doan, their heirs and assigns forever," the title in fee simple was vested in the said Sarah A. Doan and her said children by John Doan. The defendant contends that by said deed the title to said real estate was vested in the said Sarah A. Doan in the fee tail, which estate was by the statutes of this state, *eo instanti* with its creation, converted into an estate for life in the said Sarah, remainder in fee to her said children by John Doan, and that no cause of action for the recovery of their interest in the lands exists in those children or their heirs against the said Sarah, during her life, and consequently that the demurrer was properly sustained.

The contention of the defendant and the ruling of the court are certainly correct if the estate conveyed by the deed was only an estate in fee tail. R. S. 1889, sec. 8836; G. S. 1865, chap. 108, sec. 4, p. 442; *Clarkson v. Clarkson*, 125 Mo. 381; *Reed v. Lane*, 122 Mo. 311; *Bone v. Tyrrell*, 113 Mo. 175. So that the only question for determination is whether the estate conveyed was in fee simple or in fee tail. It may further be conceded that if the grant had stopped with the words "to Sarah A. Doan and her heirs by John Doan" the defendant's contention could be sustained on the authority of *Reed v. Lane, supra;* but the grant did not stop there. It was not only "to Sarah A. Doan

and her heirs by John Doan" but to *"their heirs and assigns forever."*

The main purpose in the construction of deeds, as of other contracts, is to effectuate the intention of the parties, and little aid can be derived from precedents or technical rules.   Each deed must be construed for itself in the light of that general and paramount rule which requires "that the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention if practicable when not contrary to law."   2 Devlin on Deeds, sec. 836.

The positive rule of law to which the intention of the parties must be subordinated in this case, however, is our statute abolishing entails, and in construing the deed in hand it may be well to define an estate in fee tail. As good a general definition as any, is that of Mr. Washburn on the authority of Preston and Williams, which is as follows:   "Estates tail, then, are estates of inheritance, which, instead of descending to heirs generally, go to the heirs of the donee's body, which means his lawful issue, his children, and through them to his grandchildren in a direct line, so long as his posterity endures in a regular  order and course of descent, and, upon the extinction of such issue, the estate determines."   1 Wash. on Real Property [5 Ed.], p. 104, sec. 22.

Such estates are, in their nature, inalienable, and, upon failure of issue in lineal descent from the first taker, revert to the grantor.   They have ever been obnoxious to the instincts of our people, and have for so long a time been abolished by positive law that it can hardly ever now be presumed that the grantor in a deed intends to create such an estate.   That he has done so in any case ought not to be concluded unless the terms of the deed plainly require such a construc-

tion.  Considering the situation of the parties in the present instance, there can be little doubt that the grantor *did not* intend to convey an estate in its nature inalienable, and subject to the infirmity of a possible reversion to the grantor, but that he *did* intend to convey the whole estate which he received from his brother in trust for him and his family, *i. e.*, the legal estate in fee simple, to have and to hold the same unto the family, their heirs and assigns forever, in the same manner as they would have held the lands, had the deed from John to Benajah never been made.

While from the terms of the deed it may not be possible to literally effectuate that purpose in the manner intended, yet the purpose to convey an estate in fee simple ought not to be disregarded, but, so far as the terms of the deed will permit, ought to be effectuated.  That intention can be defeated, so far as the deed itself could defeat it (and we are now only considering the estate created by the deed, and not the operation of the statute upon it), by construing the words "her heirs by John Doan" as words of limitation, and striking out the words "their heirs and assigns forever;" but to so treat the instrument would be to do violence to that canon of construction which requires that the whole deed be considered, and force and effect given to every word in it, if possible.  2 Dev. on Deeds, sec. 837.

Retaining, then, the words "their heirs and assigns forever" in the deed, as we must, to give them full force and effect, it is only necessary that the preceding words, "her heirs by John Doan" shall be treated as words of description instead of limitation, the word "heirs" being used in the sense of "children."  We then give every word of the deed full force and effect and the grant is to "Sarah A. Doan, and her children by John Doan, their heirs and assigns forever,". in

which the children, together with their mother, take as purchasers an estate in fee simple in common in the lands conveyed.

There is abundant authority for construing the word "heirs" to mean "children," and *vice versa*, whenever the context requires it to give meaning and effect to all parts of the instrument. *Waddell v. Waddell*, 99 Mo. 338; *Chew v. Keller*, 100 Mo. 362; *Maguire v. Moore*, 108 Mo. 267; *Ringquist v. Young*, 112 Mo. 25; *Clarkson v. Clarkson*, 125 Mo. 381.

This construction is not repugnant to any rule of law, gives meaning and effect to every part of the instrument, and by it the deed takes effect as near as may be in the mode intended. And being as we think the proper construction, the court erred in sustaining the demurrer to the petition. The judgment is, therefore, reversed and the cause remanded for trial. All concur, except BARCLAY, J., who dissents.