# WILLIAM D. SPORE v. OZARK LAND COMPANY, Appellant.

### Division Two, February 21, 1905.

1. **SUIT TO QUIET TITLE: Sufficient Petition.** A petition in a suit to quiet title, which alleges the plaintiff to be the owner of the land, describing it, and avers that defendant is claiming some interest therein adverse to plaintiff, and praying the court to ascertain the interest of each and adjudge and settle the title thereto, as between plaintiff and defendant, states a good cause of action.

2. **TAX SALE: Notice by Publication: Description by Record Name.** The record showed the title to be in William D. Spore and the tax suit was brought against W. D. Spore and the notice by publication was to W. D. Spore. *Held*, that the notice, judgment, and sale thereunder did not affect the title of William D. Spore, and as to him were void.

Appeal from Washington Circuit Court.—*Hon. Frank R. Dearing*, Judge.

AFFIRMED.

*Anthony & Eversole* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action, and the demurrer to the petition should have been sustained. Huff v. Land Imp. Co., 157 Mo. 65; Ball v. Woolfolk, 175 Mo. 278; Elliott v. Sheppard, 179 Mo. 382. (2) Actions for the recovery of land taxes are actions to enforce a lien against the land, and the judgment is only against the land even though there was personal service. No personal judgment is authorized. Mosely v. Reily, 126 Mo. 124; Hilton v. Smith, 134 Mo. 499; Allen v. Ray, 96 Mo. 542; Tooker v. Leake, 146 Mo. 419; Curzen v. Stephens, 123 Mo. 337. (3) Notice by publication to W. D. Spore of suit to sell for taxes land re-

corded in the name of William D. Spore is sufficient to support a judgment by default, and a sheriff's deed thereunder, the land being properly described and set out in the order of publication. Mosely v. Reily, 126 Mo. 124; Curzen v. Stephens, 123 Mo. 337; Eting v. Gould, 96 Mo. 535.

*Warren D. Isenberg* for respondent.

That these proceedings were void and gave the court no jurisdiction of William D. Spore, the record owner, is now the well-settled law of Missouri and the United States as well. Skelton v. Sackett, 91 Mo. 379; Turner v. Gregory, 151 Mo. 100; Vincent v. Means, 184 Mo. 327; Monroe Cattle Co. v. Becker, 147 U. S. 47; Riffle v. Ozark Land Co., 93 Mo. App. 41.

FOX, J.—This action was brought in the circuit court of Washington county under section 650, Revised Statutes 1899, seeking to have the court define, ascertain and determine the interest and title of the parties to this action to the land described in the petition. The death of respondent was suggested and the cause was revived, since the appeal, in the name of Mathilda Ziegler and Warren Isenberg.

The cause of action is thus alleged:

"Plaintiff shows that the defendant is a corporation duly incorporated under the laws of the State of Missouri. Plaintiff shows the court that he is the owner in fee and claims to have the fee simple title to the following lands in Washington county, Missouri, to-wit: The north half of the southeast quarter and the northeast quarter of the southwest quarter of section twenty-four, township thirty-eight, range one west, containing 120 acres more or less. Plaintiff states that defendant is claiming some title, estate or interest in and to said real property adverse to the estate and title of this plaintiff therein.

Vol 186 mo—42

"Wherefore, plaintiff prays the court to try, ascertain and determine the interest and title of the plaintiff and defendant respectively in and to said real property, and by its decree, adjudge, settle and define whatever interest the several parties, plaintiff and defendant herein, may have in and to said real estate."

To this petition defendant interposed a demurrer, which was by the court overruled, and the following answer was filed:

"Now at this day comes the defendant, and by leave of court files this its answer to the petition of plaintiff filed herein, and for such answer defendant admits it is a corporation, admits it claims title to the land in 'said petition described, and avers it is the owner thereof in fee, and avers that the plaintiff has no title or interest in or to said real estate. Defendant denies each and every allegation in said petition stated, not in this answer expressly admitted."

This cause was submitted to the court upon the following agreed statement of facts:

"It is hereby stipulated and agreed by and between the above parties, plaintiff and defendant, by their respective attorneys, that for the purpose of the trial of this cause, and to avoid the introduction of testimony it is agreed the facts are as follows:

"That on the first day of January, 1885, the fee-simple title to the land in controversy was by a conveyance, in due and legal form, properly recorded in the record of deeds in Washington county, Missouri, in William D. Spore, the plaintiff herein, and that he has never conveyed the same or any part thereof. That on or about the —— day of —— 1886, suit was begun by the State ex rel. ————, tax collector of Washington county, Missouri, against one W. D. Spore, to foreclose the tax lien for some unpaid taxes; that there was no personal service on any one in said cause, but that citation by publication was issued by the clerk in vacation directed to one W. D. Spore, which was published

according to law, which order described the land, and, thereafter, on or about the —— day of October, 1886, a judgment was rendered on said service against W. D. Spore; that, thereafter, execution was issued against W. D. Spore, and on or about April 5, 1887, the land, after being properly advertised as the property of W. D. Spore, was sold by the sheriff of Washington county, Misouri, to the defendant Ozark Land Company. That the sheriff duly executed deed therefor to said Ozark Land Company, in due form of law. That the question involved in this suit is, did the court acquire jurisdiction of William D. Spore by a publication against one W. D. Spore, and did the sale thereunder pass the title. of William D. Spore to the land in controversy, the title being in, and duly recorded in William D. Spore, and these proceedings being against one W. D. Spore?"

The court found the issue for the plaintiff, adjudging the title herein to the real estate in dispute, and determining that defendant had no title or interest in the premises.

From this judgment defendant in due time and form prosecuted this appeal, and the record is now before us for review.

### OPINION.

The petition in this cause is predicated upon the provisions of section 650, Revised Statutes 1899; it states a good cause of action, and is substantially in form with approved precedents by this court. [Huff v. Land & Imp. Co., 157 Mo. 65; Ball v. Woolfolk, 175 Mo. 278; Elliott v. Sheppard, 179 Mo. 382.]

The demurrer interposed by defendant was properly overruled.

There is but one legal propopsition presented by the record in this cause, and that is thus briefly stated by counsel in the agreed statement of facts:

"The question involved in this suit is, did the

court acquire jurisdiction of William D. Spore by a publication against one W. D. Spore, and did the sale thereunder pass the title of William D. Spore to the land in controversy, the title being in, and duly recorded in William D. Spore and these proceedings being against one W. D. Spore?''

This proposition, as presented by the agreed statement, is clearly settled in this State, and the question propounded by counsel was fully answered, first, in Skelton v. Sackett, 91 Mo. 379, and again, in Turner v. Gregory, 151 Mo. 100. The rule announced in the Skelton case was fully reviewed, together with all the authorities bearing upon the subject, and the conclusion reached that an order of publication substantially the same as is presented in the record before us was insufficient to give the court jurisdiction, and it was held that such notice by publication and the judgment rendered in pursuance of it, were void. In Mosely v. Reily, 126 Mo. 124, the conclusion reached by the court in no way conflicts with the former decisions of this court in Skelton v. Sackett, supra, nor the subsequent one of Turner v. Gregory. While there are expressions by the learned and esteemed judge who delivered the opinion in the Mosely case, which seemingly indicate some conflict, the facts in that case, apparent upon the record, distinguish it from the cases cited herein, as well as the case at bar. Such distinction is made manifest by the exhaustive review and careful analysis of all the cases in Turner v. Gregory, supra.

The proposition involved in this record is identical with the one so fully considered in Turner v. Gregory, and the conclusions reached in that case must be held as decisive of the question arising in this cause upon the agreed statement of facts.

The doctrine announced in the Turner-Gregory case has not been departed from, but on the contrary, in Vincent v. Means, 184 Mo. 327, was fully approved.

It can serve no useful purpose, nor add anything

to the legal literature of this State, to again indulge in a discussion and review of the principles applicable to this proposition, which have been so clearly settled by this court in the cases herein indicated.

Upon the agreed statement of facts, the order of publication in the tax proceeding against W. D. Spore was insufficient to confer jurisdiction upon the court over William D. Spore, and such notice by publication, as well as the judgment in pursuance of it, was void, and the judgment of the trial court, defining and adjudging the title to the premises in dispute, in the plaintiff, was proper, and should be affirmed, and it is so ordered. All concur.