# CHARLES E. GRAY and MARGARET GRAY TILLERY v. A. W. WARD, Appellant.

**Division Two, April 11, 1911.**

1. **NONSUIT: Voluntary: Right to Take.** Where the court has indicated its intention of giving an instruction in the nature of a demurrer to plaintiff's case, plaintiff may take a nonsuit before such instruction is actually given, and such nonsuit is voluntary.

2. ————: ————: ————: **In Suit to Quiet Title.** Suits to quiet title are governed by the Code of Civil Procedure, which permits a plaintiff to dismiss his suit or take a voluntary nonsuit at any time before the same is finally submitted, except where defendant has filed a set-off or counterclaim, and a suit to quiet title is neither. Defendant cannot prevent the plaintiff from dismissing, on the ground that, having been involuntarily brought into court, he has the right to compel plaintiff to remain in court in order that the title may be completely ascertained and determined.

3. **LIMITATIONS: Cotenants.** Adverse possession, under a deed from some of the cotenants, for twenty-eight years, bars a recovery by another cotenant who has been of age eight years.

4. **CONVEYANCE: To A and Her Heirs by B: Cotenancy: Life Estate.** A deed "to Sallie Gray and her heirs by James P. Gray" did not create a tenancy in common in Sallie Gray and her six children, but conveyed a life estate to Sallie Gray, and a remainder in fee to her children (then living and thereafter born) begotten by James P. The meaning is the same as if the words had been "to Sallie Gray and the heirs of her body by James P. Gray."

5. ————: ————: **Quieting Title: To Establish Remainder.** The deed having created a life estate in the wife and a remainder in fee in her children, and the wife and five of the children having conveyed their interest in the land to defendant, the remaining child, eight years after he came of age, and while his mother was still living, could maintain a suit to quiet title, and be adjudged to be the owner of an estate in remainder to an undivided one-sixth interest in the property.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville*, Judge.

AFFIRMED.

*Guy D. Kirby, H. D. Durst* and *W. D. Tatlow* for appellant.

(1)   The court erred in permitting the plaintiff Tillery to take a nonsuit after verdict. . The statute itself is conclusive on this question. It needs no construction, but only to be read, to be comprehended. R. S. 1899, sec. 639. The statute expressly provides for a special finding of facts by the court when requested by either party. The record shows that it was requested and made. R. S. 1899, sec. 695. It has been expressly held by this court that such a finding of facts is equivalent to a special verdict. Land Company v. Bretz, 125 Mo. 432.   (2)   In addition to this, the answer set up new matter demanding affirmative relief. Upon which the defendant was entitled to a judgment against Margaret Gray Tillery establishing the fact that she had no interest in the land in controversy. This prevented the dismissal of the suit by her. Lanyon v. Chesney, 209 Mo. 1.   (3)   The court clearly erred in construing the deed of Elijah Gray and wife as conveying a life estate to Sallie Gray and a contingent remainder in her heirs. This court has passed upon and construed a deed exactly similar to this deed and held that it was not within the statute, but conveyed the land to Sallie Gray and her children by James P. Gray, then living, as tenants in common, which case has never been overruled but repeatedly followed and is the settled law of the State. Fanning v. Doan, 128 Mo. 323; Chew v. Keller, 171 Mo. 224; Miller v. Ensminger, 182 Mo. 207; Franklin v. Cunningham, 187 Mo. 195; Rines v. Mansfield, 96 Mo. 394; Utter v. Sidman, 170 Mo. 284; Hamilton v. Pitcher, 53 Mo. 334.

*Matthew H. Galt* and *Frank B. Williams* for respondent.

(1)   The deed conveyed an estate tail special, which was, by the statute, converted into a life estate in Sallie Gray, remainder in fee in the said six children, or the survivors of them.   Hunter v. Patterson, 142 Mo. 310; Bone v. Tyrrell, 113 Mo. 175; Reed v. Lane, 122 Mo. 313; Hall v. French, 165 Mo. 430. (a)   The usual form of words for the creation of an estate tail is "To A. B. and the heirs of his body." Tiffney, R. P., p. 57; Coke, Litt. 20b; 11 Blackstone's Com. 115; Franklin v. Cunningham, 187 Mo. 184; Greene v. Sutton, 50 Mo. 186.   (b)   The words "of his body" are not necessary where there are other words of procreation.   Coke, Litt. 20b; Lehndorf v. Cope, 13 N. E. (Ill.) 505.   (c)   Section 4592, R. S. 1899, which has been in force in the use of the same word since as early as 1865, where it appears in the General Statutes, does not abolish estates tail, it acts on them and converts them into a life estate in the first taker with remainder in fee simple to the heir in tail.   (2)   The possession of a life tenant is not adverse to the reversioner or remainderman.   Sutton v. Casseleggi, 77 Mo. 397; Thomas v. Black, 113 Mo. 66; Hall v. French, 165 Mo. 633; Smith v. White, 165 Mo. 596; Shumate v. Snyder, 140 Mo. 77; Rothwell v. Jamison, 147 Mo. 601.   And he cannot by his declarations, acts or claim of a greater or different estate, make it adverse so as to enable himself or others claiming under him to invoke the Statute of Limitations.   Salmon v. Davis, 29 Mo. 176; Keith v. Keith, 80 Mo. 125.   (3)   The case was not finally submitted when plaintiff Margaret Gray Tillery, asked and was granted leave to dismiss, and no error was committed in granting such leave. Houston v. Thompson, 87 Mo. App. 63; In re Estate of Howard, 128 Mo. App. 492.

BROWN, J.—This is an ordinary action to quiet and determine the title to eighty acres of land in Greene county, in which each of the plaintiffs by their petition claim an undivided one-sixth interest. The defendant is in possession and pleads the ten-year Statute of Limitations, and also pleads a deed from plaintiff Tillery. From a dismissal as to plaintiff Tillery and a decree below for plaintiff Gray, defendant prosecutes this appeal.

Elijah Gray is the common source of title, and as the case turns upon the construction of a deed which he and his wife made to his daughter-in-law, Sallie Gray, said deed is here set out in full:

Know all men by these presents, That we, Elijah Gray and Anna Gray his wife, of the county of Greene, in the State of Missouri, have this day, for and in consideration of the sum of two dollars to the said Elijah Gray and Anna Gray, his wife, in hand paid by Sallie Gray, of the county of Greene in the State of Missouri, granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Sallie Gray and her heirs by James P. Gray the following tracts or parcels of land situate in the county of Green in the State of Missouri: (Description omitted.)

To have and to hold the premises hereby conveyed with all the rights, privileges and appurtenances thereto belonging or in any wise appertaining unto the said Sallie Gray and her heirs by James P. Gray, her heirs and assigns forever, I, the said Elijah Gray hereby covenanting to and with the said Sallie Gray, her heirs and assigns for herself, her heirs, executors and administrators to warrant and defend the title to the premises hereby conveyed against the claims of every person whatsoever. [Testimonium clause and signatures omitted.]

The plaintiffs are children of the Sallie Gray and James P. Gray named in the foregoing deed. There were also five other children born to Sallie and James P. Gray, but one of them died in infancy. The father, James P., died November 15, 1887, but the mother, Sallie Gray, survives.

On July 24, 1884, Sallie Gray, with her husband James P., made a warranty deed to defendant Ward, purporting to convey the whole title to the land in con-

troversy.   On March 31, 1888, said Sallie Gray, together with four of her children, Susan, Annie, Lizzie and Fanny, made a quitclaim deed to defendant; and on February 7, 1889, the plaintiff Margaret Gray Tillery, also quitclaimed her interest in the land to defendant.

The plaintiff Charles E. Gray was born March 13, 1879, and attained the age of twenty-one eight years before the institution of this action.   Defendant entered into actual possession of the land on July 24, 1884, under the deed from Sallie Gray and husband; and has been in possession ever since.   Plaintiff Tillery, while admitting that her signature to the deed of February 17, 1889, is genuine, contends that she received no consideration for said deed, has no recollection of having executed the same, and that her signature was procured by fraudulent representations of defendant.   At the conclusion of the evidence, attorneys for defendant requested permission to make an oral argument on the alleged invalidity of the deed by plaintiff Tillery; whereupon the court announced that it would find the issues against her.   Plaintiff Tillery, over the objection of defendant, then dismissed the suit as to herself; and defendant saved his exceptions.

The defendant contends that the court committed error in allowing plaintiff Tillery to take a nonsuit; and that error was also committed in adjudging the plaintiff Charles E. Gray to be the owner of an estate in remainder to an undivided one-sixth of the land in controversy.

## OPINION.

I.   We think the court did not err in permitting the plaintiff Tillery to take a voluntary nonsuit as to herself after the court had announced its intention to find the issues against her.   Where a plaintiff takes a nonsuit after the court has indicated its intention to give an instruction in the nature of a demurrer to

the evidence, but before such instruction is actually given, the nonsuit is voluntary. [McClure v. Campbell, 148 Mo. 96; Carter v. O'Neill, 102 Mo. App. 391.]

Moreover, it is contended by defendant that in a suit of this character, after he had filed his answer, setting up a claim to the real estate, and asking that his title be quieted, plaintiff Tillery was not entitled to dismiss her suit and thereby deprive him of the right to have his title adjudicated in this action; but this point must also be ruled against defendant. Section 2536, Revised Statutes 1909, provides that suits of this character shall be governed by our Code of Civil Procedure; and Section 1980, Revised Statutes 1909, being part of said code, permits the plaintiff to dismiss his suit at any time before the same is finally submitted to the jury or to the court sitting as a jury. An exception to this rule is found in section 1878, Revised Statutes 1909, permitting a defendant who has filed a set-off or counterclaim to proceed to judgment on same after plaintiff has dismissed his original cause of action. The answer of defendant in this case cannot properly be denominated a set-off or counterclaim, and therefore the plaintiff Tillery was entitled to take a nonsuit. [Jones v. Moore, 42 Mo. 413; Lanyon v. Chesney, 209 Mo. 1, l. c. 9; Hamlin v. Walker, 228 Mo. 611.]

We are not unmindful of the injustice to defendant which arises from permitting plaintiff Tillery to bring this suit and prosecute it to a point where it became apparent that a judgment would be given against her and then by taking a voluntary nonsuit, reserve the right to bring another action against defendant, or force him to bring an action against her in order to quiet his title; but the Legislature has failed to provide any remedy for abuses of this kind, and until it does so, we are forced to construe the law as we find it.

II. This brings us to the main feature of the case. Defendant contends that the deed of Elijah Gray and wife to his daughter-in-law created a tenancy in common in said Sallie Gray and her six children, among whom is the plaintiff Charles E. Gray, and that as defendant has been in possession twenty-eight years and plaintiff Gray has been of full age during eight years of that period, he is barred by the ten-year Statute of Limitations. It is quite clear that said plaintiff would be barred by the ten-year Statute of Limitations if the deed from Elijah Gray created a tenancy in common. [Hinters v. Hinters, 114 Mo. 26; Robinson v. Allison, 192 Mo. 366.]

However, we are unable to concur in defendant's construction of the deed from Elijah Gray and wife to Sallie Gray. The words "to Sallie Gray and her heirs by James P. Gray" occurring in both the granting clause and habendum, have the same meaning as though the deed read "to Sallie Gray and the heirs of her body by James P. Gray," and manifest a clear intention on the part of grantors to create what was known as an estate tail special, under the common law and statutes of England. [1 Washburn on Real Property (6 Ed.), secs. 199 and 200, and vol. 3, page 534; Tiffany on Real Property, secs. 23 and 25.] The effect of this deed under the provisions of section 2872, Revised Statutes, 1909, was to vest in said Sallie Gray a life estate only, with remainder to her children then living and thereafter born to her by her said husband James P. Gray. This doctrine finds support in the following cases: Hall v. French, 165 Mo. 430; Chew v. Kellar, 171 Mo. 215, l. c. 225; Hunter v. Patterson, 142 Mo. 310; Lehndorf v. Cope, 122 Ill. 317.

The defendant calls our attention to the cases of Fanning v. Doan, 128 Mo. 323, and Franklin v. Cunningham, 187 Mo. l. c. 195, in which this court construed deeds containing recitals somewhat like the one to Mrs. Gray to create tenancies in common; but

those cases are distinguishable from the one at bar. In those cases from the relation of the grantors to the grantees, as well as from the phraseology of the deeds themselves, the intention to create a tenancy in common is made reasonably clear.

As the deed from Elijah Gray and wife conveyed only a life estate to Sallie Gray, the remainder vesting in her children then alive and thereafter born to her through her marriage with James P. Gray, and the plaintiff Charles E. Gray being one of six children by said marriage, and not having parted with his interest thus derived, the judgment of the trial court decreeing him to have an undivided one-sixth interest in remainder in the land in controversy, subject to the life estate conveyed by his mother, was for the right party, and is therefore affirmed.

*Kennish, P. J.,* and *Ferriss, J.,* concur.