Rebecca Gilbert KUNDERT et al.,
Appellants,

v.

Ray POWELL, Donald Gretzinger, Mildred
Mozelle Gretzinger, and Gilbert L.
Weidman, Respondents.

No. 50183.

Supreme Court of Missouri,

Division No. 1.

March 9, 1964.

Earl Youree, Wagner, Okl., Robert L. Spurrier, Butler, for appellants.

William J. Cason, Harold L. Caskey, Clinton, for respondents Donald Gretzinger and Mildred Mozelle Gretzinger.

Belisle & McNabb, H. H. McNabb, Jr., Butler, for respondents Ray Powell and Gilbert Weidman.

COIL, Commissioner.

Appellants (plaintiffs below) filed their second amended petition to quiet title to certain real estate in Bates County. Respondents (defendants below) filed motions (two) to dismiss the petition for the reason that it "fails to state a cause of action." The court sustained those motions and plaintiffs appealed from the judgment of dismissal.

Plaintiffs averred that they and defendant Weidman were the children or grandchildren of brothers and sisters of one Riley Gilbert, deceased; that they and defendant Weidman, as all the collateral heirs of Riley Gilbert, deceased, are the owners in fee simple of the described real estate; that Riley Gilbert died testate October 31, 1936; that item Third of his will was:

"Third: I devise and bequeath to my said wife, if she survives me, the following described real estate in Bates County, Mis-

souri, to have and to hold during her natural life, only, to-wit:

> "Among other lands, all of Lots 1 and 2 of the Northeast Quarter and the Northwest Quarter of the Southeast Quarter of Section 2, Township 41, Range 29,

with the remainder therein to my said daughter and the heirs of her body."

It was averred further that testator's widow elected to take a child's part and thereafter brought a partition action which resulted in allotting to "Elsie F. Powell, for life with remainder to pass according to the terms of the Will of Riley Gilbert, deceased," the same land described in item Third of the will; that Elsie F. Powell (who by implication and by concession of all the parties hereto was testator's daughter) died in 1957 "childless, without issue, leaving no heirs of her body"; that by virtue of the fact that the reversionary interest in the land described in item Third of Riley Gilbert's will was not devised by any provision of that will, Riley Gilbert died intestate as to said reversionary interest and that such vested in plaintiffs and defendant Weidman; that defendants Powell and Donald and Mildred Gretzinger claim some interest, adverse to plaintiffs, in the described land, the nature of which is unknown. The prayer was conventional and asked the court to determine the rights, title and interest of the parties, plaintiffs and defendants, and to adjudge plaintiffs and Gilbert Weidman the owners in fee simple.

■ Defendants in support of the trial court's judgment of dismissal first point out that the petition failed to include, by reference or otherwise, Riley Gilbert's entire will, but set forth only item Third and plaintiffs' conclusory averment that the reversion in the land in question was not disposed of by the will. But this quiet title action was not based upon a written instrument as such and the rule defendants rely on, that when a claim is founded upon a

written instrument, such must be pleaded according to its legal effect, recited at length or a copy attached as an exhibit, is not applicable. Plaintiffs' averment, even if a conclusion, was sufficient in this action as against a motion to dismiss and was subject to proof by the production of the will at the trial.

The meritorious question, as we see it, is whether, as defendants contend, the averments of plaintiffs' petition affirmatively show as a matter of law that plaintiffs cannot have any interest in the land in question.

All the parties agree that item Third of Riley Gilbert's will did not dispose of the fee simple title to the land there described and that the reversion remained in the testator to be devised by his will or to pass to his heirs by intestate succession. Defendants' position is that if, as the petition avers, Riley Gilbert died intestate as to the reversion, then it must follow that such descended to Riley Gilbert's daughter as his sole heir at law who, say defendants, under the provisions of the applicable descent and distribution statute, took to the exclusion of all collateral heirs; that inasmuch as plaintiffs claim the reversionary interest by intestate succession as the collateral heirs of Riley Gilbert, their petition demonstrates that they have no interest in the described land.

It is apparent that plaintiffs' petition either pleads too much or not enough; it is overall indefinite and incomplete, but unless it necessarily and as a matter of law demonstrates that in all events plaintiffs are barred from claiming any interest in the property in question, we are of the opinion that this type of case should proceed to trial, and that the court below should determine, on the evidence adduced, the title as among the parties to the proceedings.

■ Plaintiffs' petition does not state whether Elsie F. Powell, who died August 30, 1957, was testator's adopted daughter

and remained single or whether she was his natural daughter who had married and, if the latter, whether a spouse survived her. Nor does it state whether Elsie died testate or intestate. Likewise, plaintiffs' petition does not disclose whether testator's widow, Mrs. Riley Gilbert, who survived him, predeceased or survived her daughter, Elsie F. Powell. Despite those omissions and uncertainties, if the evidence at a trial of the issues showed that Elsie F. Powell died intestate and left no heirs of her body and that no spouse or mother survived her, then and in those events, plaintiffs may have stated a claim as the collateral heirs of Riley Gilbert to the reversionary interest which passed to the heirs of his daughter by intestate succession. That is because under the terms and provisions of item Third of her father's will, Elsie F. Powell received a life estate in the land in question (§ 3108, RSMo 1929, Section 442.470 RSMo 1959 and V.A.M.S.) and the reversion (assuming that, as alleged, testator did not dispose of it by his will) passed by intestate succession from testator upon Elsie's death without heirs of her body. See Pixlee v. Petty, Mo., 274 S.W.2d 257, 259 [4, 5]; Mattingly v. Washburn, 355 Mo. 471, 196 S.W.2d 624, 626 [1, 2]. Inasmuch as Elsie may have died intestate and without spouse or mother surviving her and without heirs of her body, her heirs may have been the collateral heirs of her father, Riley M. Gilbert. Section 474.010 RSMo 1959 and V.A.M.S.

 We have not in the foregoing decided or attempted to decide any issue which may arise at a trial of this case under the evidence which may be adduced. We have intended only to indicate that plaintiffs have not by the allegations of their petition so clearly or completely barred themselves from claiming any interest in the property in question as to entitle defendants to what, in certain respects, is, in effect, a judgment for them on the pleadings which consisted of only plaintiffs' petition. See Baker v. Lamar, Mo., 140 S.W.2d 31, 34.

The judgment is reversed and the case remanded for further proceedings.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.