**Lewis MORGAN and Leo Morgan, Plaintiffs-Appellants,**

v.

**Kent MORGAN and Charlene Morgan, Defendants-Respondents.**

No. 10273.

Missouri Court of Appeals, Springfield District.

Aug. 22, 1977.

John M. Belisle, Osceola, Joseph B. Phillips, Stockton, for plaintiffs-appellants.

Samuel J. Short, Jr., Stockton, for defendants-respondents.

STONE, Judge.

On August 11, 1975, Lewis and Leo Morgan filed this civil suit to quiet title to, and for a partition of, real estate. On September 3, 1975, defendants filed a motion to dismiss for failure to state a cause of action, and the parties were granted leave to file briefs on that motion. On October 30, 1975, plaintiffs moved to overrule defendants' motion to dismiss and to compel answer because defendants had not yet filed a brief with the circuit court, but this motion was overruled after both parties filed their briefs. On January 26, 1976, the motion to dismiss was sustained, and this appeal was perfected from that order.[1]

The subject of this litigation is a 252-acre tract of land owned by Laurinda Morgan and devised at her death on September 10, 1952, to her son John, "to have and to hold said premises and to have the use, management and income of the same until his marriage, or in case he does not marry, then until his death, or until he makes a sale of the farm." If John desired to sell the tract or if he married, he was to pay his brother Jesse one-seventh of the appraised value of the land as determined by three disinterested Cedar County landowners. The will alternatively provided that if John did not sell or marry, then upon his death a "remainder" would pass to Laurinda's other three sons, Jesse, William Leo and Lewis, "share and share alike, and in the case of the death of any one of them, his one-third (⅓) interest or share in said premises shall belong to and vest in the descendants of the one so deceased."

The petition alleged that John M. H. Morgan neither married nor sold the farm prior to his death on May 13, 1975. Plaintiffs admit there was an attempt to convey the property and defeat their contingent interests, but they contest the validity of that conveyance. Specifically, plaintiffs claim John Morgan sought to destroy their interests by making a gift in fee of the farm to defendants Kent and Charlene Morgan,

husband and wife. John and Jesse Morgan joined in this conveyance deeding their interests to defendants. Plaintiffs maintain John Morgan had only a power of sale and that he could not gratuitously pass a fee interest with or without a release by Jesse Morgan of his interest. They argue that because a "gift", rather than a "sale", was employed, the "power" held by John Morgan to "divest the fee interest out of the above-named three parties was never exercised" and consequently, when John Morgan died without having married, the fee interest passed to Jesse, William Leo, and Lewis. Plaintiffs recognized that Jesse effectively passed by deed to defendants any interest he owned or subsequently acquired. Therefore, plaintiffs Lewis and Leo asked the court to declare that each of them owned a one-third interest and that defendants Kent and Charlene owned a one-third interest as tenants by the entirety. Plaintiffs also requested that the court sell the land and divide the proceeds.

The trial court granted the motion to dismiss for failure to state a cause of action, and the single issue here is whether the trial court erred in that dismissal. Only ultimate facts need be alleged in a petition. *Scheibel v. Hillis*, 531 S.W.2d 285, 290(14) (Mo. banc 1976). A petition is sufficient if plaintiff might be entitled to relief by applying substantive law to his alleged facts [*Niemczyk v. Burleson*, 538 S.W.2d 737, 742(6) (Mo.App.1976); *Kersey v. Harbin*, 531 S.W.2d 76, 79(2) (Mo.App.1975); *Schnabel v. Taft Broadcasting Company, Inc.*, 525 S.W.2d 819, 821(2) (Mo.App.1975)], and a petition should not be dismissed unless it is apparent that plaintiff has alleged no facts under which he could recover. *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 630(5) (Mo.App.1975). These principles are to be applied liberally in determining whether a cause of action is presented. *City of Creve Coeur v. Creve Coeur Fire Pro. Dist.*, 355 S.W.2d 857, 859(4) (Mo.1962); *S___ v. W___*, 514 S.W.2d 848, 855(13) (Mo.

1. The judgment became final on February 25, 1976, 30 days after dismissal of the petition. Although the notice of appeal was filed prior to that date, it was effective. Rule 81.05(b) V.A. M.R.

**380**

App.1974); *Garbo v. Hilleary Franchise Systems, Inc.*, 479 S.W.2d 491, 499 (Mo.App. 1972).

■ Appellate courts are to review petitions in the light most favorable to the plaintiff and to regard all pleaded facts as admitted. *Dyer v. General American Life Ins. Co.*, 541 S.W.2d 702, 703 (Mo.App.1976); *Lieberman v. Lieberman*, 517 S.W.2d 478, 479(2) (Mo.App.1974); *Collins v. Vernon*, 512 S.W.2d 470, 475(5) (Mo.App.1974). "On a motion to dismiss the question is whether the well-pleaded facts and the reasonable inferences to be drawn therefrom state a cause of action. If they do, dismissal is improper." *Mercantile Trust Company v. Chase Hotel, Inc.*, 510 S.W.2d 807, 809(2) (Mo.App.1974). Plaintiffs here allege an interest in real estate under terms of a will, ask for a declaration of interests between themselves and defendants, and seek sale and partition of the receipts.

Authority for the courts to determine estates in land in a suit to quiet title dates back to 1899 and currently is found in § 527.150(1), RSMo 1969, which provides that any person claiming an interest in realty is entitled to a judgment defining the estate, interest or title held by the plaintiff and the defendant respectively. Subsection 2 empowers the court, upon request of either litigant, to hear and adjudicate the rights of the parties and afford legal or equitable relief.

■ In evaluating the sufficiency of a petition in this category of actions, Missouri courts have required only that plaintiff allege that he has an estate, interest or title when the suit is instituted, the nature of his particular estate, interest or title, and that defendant has an adverse claim. *Spore v. Ozark Land Co.*, 186 Mo. 656, 85 S.W. 556 (1905); *Shelton v. Horrell*, 232 Mo. 358, 134 S.W. 988, 990(3, 4) (banc 1911); 74 C.J.S. Quieting Title §§ 58–59 (1951). 2 Gill, Missouri Titles § 1476 (4th ed. 1960).[2] A motion to dismiss is the proper procedural tool to challenge a petition and to obtain a decision as to whether it alleges sufficient facts to constitute a cause of action [74 C.J.S. Quieting Title § 73b (1941)], but courts are admonished to deny such motion and determine property rights. *Stottle v. Brittian*, 459 S.W.2d 310, 313(2) (Mo.1970); *Jones v. Garden Park Homes Corp.*, 393 S.W.2d 501, 506(10) (Mo.1965); *Evans v. Brussel*, 300 S.W.2d 442 (Mo.1957). Any party claiming title in a quiet title suit is entitled to an adjudication of that issue.[3]

■ Plaintiffs' petition satisfies the preceding standards in that it alleges (1) a specific property interest in plaintiffs, to wit, a valid remainder now vested in possession, and (2) an adverse claim by defendants, to wit, that they have a possessory fee simple title. Sufficient facts are alleged to warrant a determination of what interest, if any, plaintiffs are seized, since they have placed in issue the validity of the conveyance by John and Jesse to defendants in light of the conditions of sale set forth in the will.

With nothing before us other than the pleadings and judgment of dismissal, we have no alternative other than to reverse and remand the case to the Circuit Court of Cedar County for further proceedings consistent with this opinion. It is so ordered.

HOGAN, TITUS and FLANIGAN, JJ., concur.

BILLINGS, C. J., not participating.

---

**2.** Of course, the location of the realty must be accurately described. *Hartvedt v. Harpst*, 173 S.W.2d 65, 68(6) (Mo.1943).

**3.** For petitions to quiet title that have been held sufficient, see *Kundert v. Powell*, 376 S.W.2d 237 (Mo.1964); *Bailey v. Williams*, 326 S.W.2d 115 (Mo.1959); *Klorner v. Nunn*, 318 S.W.2d 241 (Mo.1958); *Boatmen's Nat. Bank v. Rogers*, 352 Mo. 763, 179 S.W.2d 102, 105(1) (1944).