## GILLINGHAM v. BROWN et al., Appellants.

### Division Two, March 14, 1905.

**TAX SUIT: Publication: Initials of Defendant.** A notice by publication to A. H. Gillingham and a judgment against A. H. Gillingham and an execution and sale. in accordance therewith, do not convey the title of Aubrey H. Gillingham in the land, the records showing Aubrey H. Gillingham to be the owner.

Appeal from Washington Circuit Court.—*Hon. Frank
R. Dearing,* Judge.

AFFIRMED.

*Taylor R. Young* for appellants.

Skelton v. Sackett, 91 Mo. 379, seemingly holds
that an order of publication against Q. R. Noland was
not sufficient where the defendant's name was Quinces
R. Noland. This case, however, does not appear to have
followed in any of the subsequent cases, and is in terms
overruled in the case of Mosely v. Reily, 126 Mo. 127.
In the Mosely case, a tax suit, the order of publication
was addressed to "C. T. Clements." The record owner
was "Charles T. Clements." There is no apparent distinction between the Mosely case and the case at bar.
While the evidence in that case showed that Clements

had subsequently sold his interest to Mosely and had signed the deed "C. T. Clements," the decision was not based on that ground at all, but upon the ground that tax suits are peculiar in that they are directed solely against the property charged with taxes. Every land owner is presumed to know that his land is subject to taxation, and if such is the case, that the taxes are delinquent, the property is chargeable therewith; he is also presumed to be giving some attention to the property. When, therefore, he reads a published notice addressed to him by the proper initials of his Christian name, describing the land and informing him that the taxes thereon are delinquent, that is sufficient to require him to plead to the case or be estopped from questioning the validity of the judgment thereon, when collaterally raised. Cruzer v. Stephens, 123 Mo. 337; Martin v. Barron, 37 Mo. 300; Lumber Co. v. Franks, 156 Mo. 689; Nolan v. Taylor, 131 Mo. 229; Corrigan v. Schmidt, 126 Mo. 304. The case of Turner v. Gregory, 151 Mo. 100, is not opposed to the authority announced in the foregoing cases. The Turner case simply holds that a notice to Vaughn Turner was not sufficient notice to Singleton V. Turner, the title being in Singleton V. Turner, and this upon the ground that the law does not recognize a middle name.

*Warren D. Isenberg* for respondent.

That the proceedings were void and gave the court no jurisdiction of Aubrey H. Gillingham, the record owner, is now the well-settled law of Missouri and the United States as well. Skelton v. Sackett, 91 Mo. 379; Turner v. Gregory, 151 Mo. 100; Vincent v. Means, 184 Mo. 327; Monroe Cattle Co. v. Becker, 147 U. S. 47; Ryffel v. Land Co., 93 Mo. App. 41.

BURGESS, P. J.—This is an action brought in the circuit court of Washington county, under section 650, Revised Statutes 1899, for the purpose of having

the court to ascertain and declare the title to certain land described in an agreed statement of facts, which follows hereafter.

The court rendered judgment for plaintiff from which defendants appeal.

The cause was tried upon the following agreed statement of facts:

"That on the fifteenth day of July, 1885, the fee simple title to the land in controversy was, by a conveyance in due and legal form properly recorded in the records of deeds in Washington county, Missouri, in Aubrey H. Gillingham, the plaintiff herein, and that he has never conveyed the same or any part thereof.

"That on or about the ——— day of March, 1897, suit was begun by the State ex rel. ———, tax collector of Washington County, Missouri, against A. H. Gillingham, to foreclose the tax lien for the taxes of the year 1895; that there was no personal service in said cause on any person, but that citation by publication was issued by the clerk in vacation, directed to A. H. Gillingham, which was published according to law, and thereafter, and on or about the first day day of August, 1897, a judgment was rendered on said service against A. H. Gillingham, foreclosing the tax lien on said land for the year 1895. That thereafter execution was issued against A. H. Gillingham, and on or about March 8, 1898, the above described property after being properly advertised as the property of A. H. Gillingham, was sold by the sheriff of Washington county to one Smith Jackson and the defendant Robert T. Brown, Jackson purchasing the northeast quarter of section 30 of said land, which was by him by warranty deed subsequently conveyed to and is now claimed by defendant Julia B. Rinkel, and defendant Brown purchasing the northeast quarter of section 29 of said land, which he still claims; that the sheriff duly executed deeds therefor to said Smith Jackson and Robert T. Brown respectively, in due form of law.

"That the question involved in this suit is: Did the court acquire jurisdiction of Aubrey H. Gillingham by a citation by publication to A. H. Gillingham, and would a judgment against A. H. Gillingham and the sale thereunder pass the title of Aubrey H. Gillingham to the land in controversy, the title being taken and duly recorded in the name of Aubrey H. Gillingham, and all these proceedings being against A. H. Gillingham?"

The case of William D. Spore v. Ozark Land Company, reported in 186 Mo. 656, involved the same legal proposition that is involved in this, and, in an opinion by Judge Fox, settles that question adversely to the contention of appellants, and for the reasons therein stated the judgment is affirmed.

All concur.