## J. WILLIAM CHILTON, Appellant, v. T. S. TAM et al.

#### Division One, July 1, 1911.

1. **CONSTRUCTIVE SERVICE: Order of Publication.** Constructive service, such as by order of publication, is a harsh method of depriving the owner of his property, and in order to be sufficient to support a judgment the statute permitting it must be strictly complied with.

2. ———: ———: **Tax Suit: Allegation of Non-Residence.** Under the statute, if the county collector seeks to bring into court by order of publication a defendant on the ground that he is a non-resident, he must state in his petition or affidavit that defendant is a non-resident; and if there are several defendants, some of whom are residents and others non-residents, he must name the non-residents; and if they are all non-residents, he must so state.

3. ———: ———: ———: ———: **Jurisdiction.** The petition in the tax suit named several persons as defendants, and its only statement in reference to their residence was in these words: "Plaintiff further states that the defendant ——— non-resident ——— of the State of Missouri, so that the ordinary process of law cannot be served upon ———." *Held,* there was no sufficient allegation of the non-residence of defendants to authorize the clerk to issue an order of publication to them, and such publication gave the court no jurisdiction over them, and its subsequent judgment and sale thereunder were void and passed no title to the purchaser.

Appeal from Shannon Circuit Court.— *Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Chilton* and *James Orchard* for appellant.

(1)   To entitle plaintiff to judgment in this action it was necessary only that plaintiff show a better title derived from the agreed common source than the title claimed under the common source by defendants. Machine Works v. Brown, 200 Mo. 219; Graton v. Holliday Klotz Co., 189 Mo. 322; Gage v. Cantwell, 191 Mo. 698.   (2)   In suits for the enforcement of back taxes against non-resident defendants the clerk of the court is authorized to issue an order of publication only in case the collector or some person for him shall allege in his petition, or in an affidavit filed in the cause, that all or a part of the defendants are non-residents of the State.   Under no other circumstances has the clerk any authority to issue an order of publication. Sec. 1770, R. S. 1909; Schell v. Leland, 45 Mo. 289; Bick v. Maupin, 124 S. W. 588; Wright v. Hink, 193 Mo. 130; Tooker v. Leake, 146 Mo. 419; Parker v. Burton, 172 Mo. 90; Kelly v. Murdaugh, 184 Mo. 377. Such an allegation, to support constructive service, "Must be definite and unequivocal."   To allege a condition of affairs means to affirm positively, to assert, to declare, to aver such condition of affairs, or state of things.   Wade on Notice, secs. 1032-1060; Williams v. Monroe, 125 Mo. 586; Keller v. Keller, 129 S. W. 492; Oelbermann v. Ide, 93 Wis. 669; Albers v. Kozeluh, 68 Neb. 522; Gilmore v. Lampmann, 86 Minn. 493.   The allegation of non-residence, unless it applies to all the defendants in terms, should point out, name and designate the defendants against whom it is made; otherwise it does not authorize a publication against defendants not named.   Pomroy v. Betts, 31 Mo. 419;

Bland v. Windsor, 187 Mo. 132; Clark v. Raison, 104 S. W. (Ky.) 342; Ballard v. Hunter, 85 S. W. (Ark.) 252; Rankin v. Adams, 18 Wis. 292; Van Natta v. Real Estate Co., 221 Mo. 373.   Statutes in derogation of common law, such as those which authorize constructive service of process, are against common right, are harsh in operation, and are to be strictly, even rigidly, construed.   Wade on Notice, sec. 1030; Ohlmann v. Saw Mill Co., 222 Mo. 62; Young v. Downey, 150 Mo. 317; Harness v. Cravens, 126 Mo. 233; Charles v. Morrow, 99 Mo. 646; Kleber's Void Jud. and Ex. Sales, secs. 106-111.   Though a judgment may be regular on its face, and may recite that defendants therein were served with process, yet if the files in the cause show the process therein was void and unauthorized, the judgment will stand impeached.   The files in the cause are part of the record and are of equal dignity with the judgment itself.   Further, when the whole record shows a certain kind of service the courts will presume the same to have been the only kind of service had in the cause.   Feurt v. Caster, 174 Mo. 303; William v. Monroe, 125 Mo. 586; Adams v. Cowles, 95 Mo. 506; Milner v. Shipley, 94 Mo. 109; Crow v. Myersick, 88 Mo. 415; Blodgett v. Shaffer, 94 Mo. 671.   The statutory requisite of an allegation of non-residence of defendants, to authorize the issuance of an order of publication is jurisdictional. Parker v. Burton, 172 Mo. 90; Tooker v. Leake, 146 Mo. 419; Hutchinson v. Shelley, 133 Mo. 400; Blodgett v. Shaffer, 94 Mo. 671.

VALLIANT, J.—This is a suit under section 650, Revised Statutes 1899, to quiet title to the north half of section 25, township 31, range 4 west, in Shannon county.

It was agreed at the trial that Eugene F. Sawyer and wife and James W. Cummer and wife were the common source of title.   Plaintiff introduced in evidence a deed from those parties duly executed dated

December 29, 1906, and duly recorded. Plaintiff then rested.

Defendants introduced in evidence a sheriff's deed under special execution on a judgment for taxes against the land, rendered March 10, 1897, in the circuit court of Shannon county. In the suit in which the judgment was rendered the State on relation of the collector of revenue of Shannon County was plaintiff, and S. L. Nichols, James Buck, Joseph S. Tam, James W. Cummer, Mary B. Cummer, Eugene F. Sawyer and Kate M. Sawyer were defendants. There was no service of process in the case and no appearance of defendants, but an order of publication against them as non-residents, and proof of publication filed. The order of publication was made by the clerk in vacation and recites that the plaintiff's petition states "among other things that the defendants are non-residents of the State of Missouri and cannot be summoned in this action by the ordinary process of law."

Plaintiff in rebuttal introduced in evidence a duly certified transcript of the record in the case, including the petition on which the order of publication was based. The only statement in the petition in reference to the residence of the defendants was as follows:

"Plaintiff further states that the defendant—— non-resident —— of the State of Missouri, so that the ordinary process of law cannot be served upon——."

The court rendered a decree finding among other things "that the allegation of non-residence of the defendants in said tax suits as the same appears from the certified copy of said petition in said tax suit is a sufficient allegation of the non-residence of the defendants in said tax suit to authorize the clerk of the court in which said tax suit was filed to issue an order of publication thereon at the filing of said tax suit." The court then decreed that the defendants T. T. Springer and Charles E. Riggs were the sole owners of the legal and equitable title to the land in suit and the plaintiff

had no title or interest in it.   From that decree the plaintiff appeals.

The only question in the case is, was the statement in the petition in the tax suit sufficient to justify the order of publication?

The process by which what the law calls constructive notice is given, and by which a man's property may be seized and sold under a judgment rendered in a suit of which he had in fact no notice at all, is a harsh process, it is allowed by law only from necessity, and when a plaintiff would avail himself of it he should make a strict compliance with the law that allows it.

The statute under which the plaintiff in the tax suit obtained the order of publication now in question, section 2022, Revised Statutes 1899, now section 1770, Revised Statutes 1909, says: "if the plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are non-residents of the State,  .  .  .  .  the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the non-residents," etc.   In the next section it' is provided that if "part of the defendants are residents of the State, process shall be issued against them as in other cases."

Under that statute, if a plaintiff seeks to reach his adversary by publication in a newspaper on the ground that he is a non-resident, he must state in his petition or affidavit in unequivocal terms that the defendant is a non-resident, and if there are several defendants and some are residents and others non-residents he must name the non-residents.   On reading the petition in the tax suit in question it is clear that a printed form was used in preparing it and the pleader forgot to fill the blanks in the clause relating to the non-residence of the defendants.   There are seven persons named as defendants, but it is not stated that they are all non-

residents and there is no statement that either or if either which one of them is a non-resident.

That statement in the petition was not sufficient to authorize the order of publication and therefore the order and its publication were not sufficient to give the court jurisdiction of the defendants in that suit or of their interest in the land.

The judgment is reversed and the cause remanded to the circuit court with directions to enter a decree adjudging the plaintiff the sole owner in fee of the land in suit. All concur.