# SOUTH MISSOURI PINE LUMBER COMPANY v. HENRY S. CARROLL et al., Appellants.

**Division One, March 3, 1914.**

1. **TAX DEED: Inadequacy of Price: Collateral Attack.** In a suit to quiet title, a tax deed will not be held to have been invalid on the ground that the land sold for a grossly inadequate price. Such a suit is not one to set aside the tax deed. To give the question of inadequacy of price consideration would be to allow a collateral attack upon a judgment.

2. ————: **Affidavit of Nonresidence.** An affidavit that "John N. Lacks makes oath and says that the defendant, Henry S. Carroll and W. H. H. Kinzer, —nonresident— of the State of Missouri, and cannot be personally served with summons in this State," being otherwise sufficient, authorized the clerk of the circuit court to issue an order of publication for defendants, and the judgment in the tax suit was not void because of the omission of the word "are" and the letter "s" from the affidavit at the places where the ordinary reader would immediately supply them in his mind. Besides, the affidavit says that said defendant's "cannot be personally served with summons in this State"—a statement from which non-residence is clearly inferable, when all the wording of the affidavit is fully considered.

3. ————: ————: **Omission of Word.** The mere omission of a word in an affidavit filed in connection with a petition in a suit for taxes, where it is clear as to what the omission is, and where it is followed by other language clearly showing the meaning and purport and the word to be supplied, will not authorize a judicial holding that there was no affidavit.

4. ————: **Judgment: Defectively Worded.** Where the petition, affidavit and order of publication were all sufficient,' and the court had jurisdiction of the parties and subject-matter, and every omission in the defectively worded judgment and the misprision of the clerk in writing it up could have been supplied or corrected by a *nunc pro tunc* entry from data to be found among the court files, and the parties and the land and its owners are correctly described therein, the said judgment in the tax suit will not, in a suit to quiet title, be held to be so defective as to be void, however crudely worded.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*J. W. Chilton* for appellants.

(1) To entitle defendants to judgment in this action it was necessary only, that defendants show a better title derived from the agreed common source, than that claimed by plaintiff under the common source. Graton v. Land Co., 189 Mo. 322; Machine Works v. Brown, 200 Mo. 219; Gage v. Cantwell, 191 Mo. 698. (2) In suits for the enforcement of the collection of back taxes against nonresident defendants, filed in vacation, the clerk of the court is authorized to issue an order of publication only when the collector, or his attorney, has alleged in his petition or in an affidavit filed in the cause, that all or a part of the defendants are nonresidents of the State. Under no other circumstances has the clerk any authority to issue an order of publication in vacation. Sec. 1770, R. S. 1909; Chilton v. Tam, 235 Mo. 498; Schell v. Leland, 45 Mo. 289; Bick v. Maupin, 146 Mo. App. 596; Tooker v. Leake, 146 Mo. 419; Kelly v. Murdaugh, 184 Mo. 377; Wright v. Hink, 193 Mo. 130. Such an allegation, (whether in the petition or affidavit) to support constructive service, "must be definite and unequivocal." To allege a thing means to affirm positively, to assert, to declare, to aver such thing. Wade on Notice, secs. 1032, 1049, 1060; Williams v. Monroe, 125 Mo. 586; Chilton v. Tam, 235 Mo. 498; Keller v. Keller, 144 Mo. App. 98; Cordray v. Cordray, 91 Pac. 781; Oelbermann v. Ide, 93 Wis. 669; Albers v. Kozeluh, 68 Neb. 522; Gilmore v. Lampmann, 86 Minn. 493. Statutes in derogation of the common law, such as our statute authorizing constructive service of process, are against common right, are harsh in operation, and are to be strictly, even rigidly, construed. Wade on Notice, sec. 1030; Ohlman v. Saw Mill Co., 222 Mo. 62; Young v. Downey, 150 Mo. 326; Harness v. Cravens, 126 Mo. 247; Charles v. Morrow, 99 Mo. 646; Kleber's Void Ju-

dicial & Execution Sales, secs. 106, 110 and 111. It cannot be said that the omission of vital words from the pretended or intended allegation of nonresidence in the affidavit to petition in the tax suit was a mere clerical error. Bad grammar may be tolerated in law, but where there is no grammar at all, there can be no toleration, for there is nothing to tolerate. Bland v. Windsor, 187 Mo. 132. The statutory requirement of an allegation of nonresidence of defendants in a tax suit, to authorize the issuance of an order of publication, is jurisdictional. Parker v. Burton, 172 Mo. 90; Tooker v. Leake, 146 Mo. 434; Hutchinson v. Shelley, 133 Mo. 412; Blodgett v. Shaffer, 94 Mo. 671. (3) There can be but one final judgment in a cause, and it must dispose of all parties to such cause. Melcher v. Scruggs, 72 Mo. 413; McCord v. McCord, 77 Mo. 175; Spalding v. Bank, 78 Mo. 382; Bank v. St. Louis, 189 Mo. 375; Seay v. Sanders, 88 Mo. App. 484; Crow v. Crow, 124 Mo. App. 120; Blockmer v. Railroad, 137 Mo. App. 479; Glass Co. v. Pepper, 96 Mo. App. 596. And a judgment for taxes, to be valid as against the land, must find that the defendants named in the suit were the owners of the land. Rothenberger v. Garnett, 224 Mo. 191. (4) When land is sold for taxes and brings an amount so low as to shock the conscience, the sale, because of inadequacy of consideration alone, is void. Mangold v. Bacon, 237 Mo. 496.

*Lew R. Thomason* and *S. L. Clark* for respondent.

(1) An examination of the cases cited by appellants will disclose that they have no application or bearing whatever upon the question of sufficiency of the affidavit made by the plaintiff Lacks, herein above set forth. The question decided in the case of Chilton v. Tam, 235 Mo. 498, and the only case which approaches even remotely the question in the case at bar, is readily distinguished. While the language in the

affidavit is not grammatically correct, it meets all the requirements of the statute. (2) The judgment rendered in the tax case is not void. It is the sentence or determination of the law, pronounced by a court of competent jurisdiction, in favor of the plaintiff, and against Henry S. Carroll and W. H. H. Kinzer; it finds Henry S. Carroll and W. H. H. Kinzer to be the owners of the lands described in plaintiff's petition and described in the judgment; it finds that certain state and county taxes are due and delinquent upon the lands therein described; it finds the year for which said taxes are delinquent, and the total amount of the taxes due for that year for which judgment is rendered, and contains all the essentials of a valid judgment. There is no magic in any particular form of a judgment. The omission or failure of the clerk to fill in certain blanks only constituting a proper or approved term, is but the misprision of the clerk and does not render the judgment void. Morrison v. Turnbaugh, 192 Mo. 445; R. S. 1909, sec. 1851. (3) The judgment of a court of competent jurisdiction so long as it stands unreversed cannot be impeached in a collateral proceeding on account of mere errors or irregularities not jurisdictional. The failure to fill in the blanks that were not filled could have been corrected by *nunc pro tunc* entry from the data furnished by and from the record itself; and equity looks upon that as done that ought to have been done.

GRAVES, J.—Plaintiff brought suit under our statute to quiet title to one hundred and twenty acres of land in Butler county. The petition is described in the abstract as the usual short form petition in cases of this kind. The instant suit was brought against Henry S. Carroll et al., but before the trial it developed that said Henry S. Carroll had died in 1906, prior to the bringing of the suit, and had left as his

sole heirs Harry C. Carroll and Irwin D. Carroll, who were admitted as parties defendant, and filed answer claiming title to the land.

It stands admitted that the defendants, as heirs of Henry S. Carroll, have title to the land, unless their father was divested of title by a certain tax proceeding. In other words, it is admitted that Henry S. Carroll is the common source of title.

Plaintiff claims by mesne conveyances through Henry S. Carroll, the first of which is a tax deed by virtue of a sale under a judgment in State ex rel. Lacks, Collector, v. Henry S. Carroll and W. H. H. Kinzer. It is admitted that Kinzer had no title at any time. Defendants charge that the tax proceedings were void and claim as the sole heirs of the said Henry S. Carroll, deceased. They also urge in the brief that the land sold for a grossly inadequate price, i. e., the sum of ten cents for one hundred and twenty acres of land.

Upon trial before the court judgment was entered for plaintiff and defendants have appealed.

I. It is suggested in the brief that the land was sold at a grossly inadequate price, and we are cited to the case of Mangold v. Bacon, 237 Mo. 496. The opinion in the Mangold case cannot avail these defendants. In the first place this is not an action to set aside the tax deed, and the conscience of the court is in no way appealed to in that regard. Secondly, the matter was not even pleaded below. Thirdly, the case was tried upon no such theory below. Inadequacy of price at the sheriff's sale is not in this case in any shape, and to give it consideration would be to allow a collateral attack upon the judgment. It might have been a ground of relief (a matter we do not decide) on a proper petition in a proper case, but it is not such in this case upon the record before us.

*Inadequacy of Price in Tax Sale.*

II. It is next contended by the defendants that the judgment in the tax case is void, because the clerk was unauthorized to issue an order of publication upon the affidavit which was filed with the petition in the tax suit. There was no allegation in the petition that Henry S. Carroll or the said Kinzer were nonresidents of Missouri, but to the petition was annexed the following affidavit:

**Affidavit in Tax Suit.**

State of Missouri  
County of Butler  } ss.

John N. Lacks makes oath and says that the defendant, Henry S. Carroll and W. H. H. Kinzer, non-resident of the State of Missouri, and cannot be personally served with summons in said State.

Subscribed and sworn to before me this 30th day of August, A. D. 1897.

B. J. Puckett, Clerk Circuit Court  
of Butler County, Missouri, by  
Dave W. Hill, D. C.

The above is as taken from the appellant's abstract. The respondent thus sets out the material portion of the affidavit:

John N. Lacks makes oath and says that the defendant— Henry S. Carroll, and W. H. H. Kinzer, —— non resident —— of the State of Missouri, and cannot be personally served with summons in this State.

It will be observed that the only difference consists in the blanks which appear in the latter, and which do not appear in the former.

It is evident that this affidavit was one of the usual forms attached to a blank petition used for tax suits, and the party failed to write in the word "are" before the words "Henry S. Carroll, and W. H. H. Kinzer" and further failed to add the letter "s" after the words "nonresident." With this word

"are" and the letter "s" interpolated at the proper place, there could be no question about this affidavit. Do these apparent omissions destroy the vitality of this affidavit? We think not. The omissions are so apparent, that the ordinary reader would immediately supply them in his mind. In addition it is stated in clear terms that Carroll and Kinzer "can not be personally served with summons in this State," and all this is duly sworn to before a proper officer.

We concede the general rule that in acquiring jurisdiction by substituted service of this kind the statute must be strictly followed. But on the other hand the mere omission of a word in an affidavit, where it is clear as to what the omission is, and where it is followed by other language, as here, clearly showing the meaning and purport, and the word to be supplied, we would hardly be justified in saying there was no affidavit. We are cited to the case of Chilton v. Tam, 235 Mo. 498. In that case there was no affidavit at all. The only thing that was relied upon for authority to issue an order of publication, was an unfilled paragraph in a printed form of a petition. Judge VALLIANT held that to be insufficient, and among other things said:

"Plaintiff in rebuttal introduced in evidence a duly certified transcript of the record in the case, including the petition on which the order of publication was based. The only statement in the petition in reference to the residence of the defendants was as follows:

" 'Plaintiff further states that the defendant—nonresident—of the State of Missouri, so that the ordinary process of law cannot be served upon—.'

"The court rendered a decree finding among other things 'that the allegation of nonresidence of the defendants in said tax suits as the same appears from the certified copy of said petition in said tax suit is a

sufficient allegation of the nonresidence of the defendants in said tax suit to authorize the clerk of the court in which said tax suit was filed to issue an order of publication thereon at the filing of said tax suit.' The court then decreed that the defendants T. T. Springer and Charles E. Riggs were the sole owners of the legal and equitable title to the land in suit and the plaintiff had no title or interest in it. From that decree the plaintiff appeals.

"The only question in the case is, was the statement in the petition in the tax suit sufficient to justify the order of publication?

"The process by which what the law calls constructive notice is given, and by which a man's property may be seized and sold under a judgment rendered in a suit of which he had in fact no notice at all, is a harsh process, it is allowed by law only from necessity, and when a plaintiff would avail himself of it he should make a strict compliance with the law that allows it.

"The statute under which the plaintiff in the tax suit obtained the order of publication now in question, section 2022, Revised Statutes 1889, now section 1770, Revised Statutes 1909, says: 'if the plaintiff or other person for him shall allege in his petition or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are nonresidents of the State, . . . the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the nonresidents,' etc. In the next section it is provided that if 'part of the defendants are residents, of the State, process shall be issued against them as in other cases.'

"Under that statute, if a plaintiff seeks to reach his adversary by publication in a newspaper on the ground that he is a nonresident, he must state in his

petition or affidavit in unequivocal terms that the defendant is a nonresident, and if there are several defendants and some are residents and others non-residents he must name the nonresidents. On reading the petition in the tax suit in question it is clear that a printed form was used in preparing it and the pleader forgot to fill the blanks in the cause relating to the nonresidence of the defendants.

"There are seven persons named as defendants, but it is not stated that they are all nonresidents and there is no statement that either or if either which one of them is a nonresident.

"That statement in the petition was not sufficient to authorize the order of publication and therefore the order and its publication were not sufficient to give the court jurisdiction of the defendants in that suit or of their interest in the land."

That case we reversed for the reason the court never acquired jurisdiction to render the judgment. But that case is not this case. Here the parties who cannot be served by process in this State are named in the affidavit. Not only so, but it is affirmed that they can not be served with summons in this State, a statement from which nonresidence is clearly inferable when all of the wording of the affidavit is fully considered. In addition we have a patent omission of a word and a letter which the mind of the reader irresistibly supplies by reason of the context. This point will be ruled against the defendants.

III. The next and last point argued is that the judgment itself is so defective that no valid **Defective Judgment.** sale could have been had thereunder. The judgment reads:

Lumber Co. v. Carroll.

In the Circuit Court of Butler County, State of Missouri.
......the....day of......189...., and the .... day of the Term.

The State of Missouri, at the relation
 and to the use of John N. Lacks,
 Collector of the Revenue of Butler  Civil Action
 County, Missouri—Plaintiff,   for Delinquent
   against       Taxes.
Henry S. Carroll and W. H. H. Kinzer— No. 4869.
 Defendants.

Now at this day the plaintiff appears by attorney and this
cause coming on to be heard by the court and the defendant
——————————————— and it appears to the court that this
is an action to enforce the lien of the State of Missouri for
the back and delinquent taxes due the State of Missouri, and
the county of Butler, upon the real estate hereinafter described,
and thereupon this cause is submitted to the court for trial,
and the court, after hearing the evidence offered, doth find
that the defendant the owner of the following described tracts
of real estate, lying and being situated in the county of Butler,
in the State of Missouri, to-wit:

N½ SW¼ of SW¼ of section No. 18, in township No. 26,
range No. 4 east, containing ............ acres.

That there was duly and legally assessed and levied upon
and against said tracts, by the officers of said State and County,
having legal authority so to do, the following taxes under their
appropriate heads, and for the years following, to-wit:

For the year 1894: State Rev. Tax, $.60; Co. Rev. Tax, $1.68;
 School Tax, $.90; Int. Tax, $1.06; Total, $4.65.

Amounting in the aggregate to the sum of ...... dollars;
that all of said taxes were duly returned and adjudged to be
delinquent, and that they, together with the interest thereon
as above found to be due, remain due and unpaid.  Wherefore,
it is by the court ordered adjudged and decreed, that the State
of Missouri, at the relation and to the use of . . . . . .
Collector of the Revenue for Butler County, Missouri, have and
recover of the defendant the sum of . . . . . dollars; so
found to be due as aforesaid, together with the cost herein
(including ten per cent on said sum as attorneys fees,
. . . . as collectors fees, and ...... cents fee for the
county clerk), and that the lien of the State of Missouri on said
tract of real estate be enforced to the use aforesaid, and that
the interest of the defendant in the real estate above described,
or so much thereof as may be necessary to satisfy this judg-
ment, interest and costs be sold, and that a special *fieri facias*
issue herein to the sheriff of Butler county, commanding him
to execute this judgment.

      ........................................Judge.

Attest:......................Clerk.

The question now uppermost is whether or not this judgment is so faulty and defective as to require us to say that it is no judgment at all in the tax case. According to the record before us that instrument appears as a judgment of the circuit court of Butler county "in Book K, page 533, Circuit Court Judgment Records of Butler County, Missouri, in the case of State ex rel. John N. Lacks, Col. Rev. Butler County, Missouri, Plaintiff, v. Henry S. Carroll and W. H. H. Kinzer, defendants."

As it is shown to appear as a judgment of that court, the only question here is whether or not its language, when considered with other records in the case, makes it, what it is alleged to be, i. e. a judgment in law and fact.

This is a collateral attack upon the judgment, and to avail the defendant the purported judgment must be void upon the face of the whole proceeding. As said by GANTT, P. J., in Lovitt v. Russell, 138 Mo. l. c. 482:

"Now it must be borne in mind that the proceedings, under review and collaterally assailed in this case, were in the circuit court of Jackson county, a court of general jurisdiction. No principle of law is more universally accepted in this country than that the judgment of a court of competent jurisdiction so long as it stands unreversed cannot be impeached in a collateral proceeding, on account of mere errors, or irregularities, not going to the jurisdiction. [Union Depot Co. v. Frederick, 117 Mo. 138; Lingo v. Burford, 112 Mo. 149; Gray v. Bowles, 74 Mo. 419; 1 Black on Judgments, sec. 261.]"

We have held in this case that the court acquired jurisdiction of both Carroll and Kinzer. It stands conceded that the petition in the tax suit states all necessary facts upon which to predicate a valid judgment. It among other things charges that Carroll was the owner of the land, against which the State sought

to enforce its lien. It stands conceded that the order of publication recited all necessary things and was published for the required time. In other words, the defendants concede in their brief that if the affidavit in question is good (which we hold is good) the circuit court had full and complete jurisdiction both of the parties and the subject-matter. In addition, the very offer of the judgment in the tax suit in this case is a concession that it appears to be a judgment in the case upon the proper records of the circuit court. In this situation, with the circuit court possessed of full jurisdiction, can we say that this judgment is void upon the face of the entire record in the case? We hardly think so. A question closely of kin to this was thoroughly discussed by LAMM, J., in Morrison v. Turnbaugh, 192 Mo. 1. c. 445, whereat he said:

"It is next contended that the tax judgment and deed are void and ineffective and do not operate upon the title of George M. Johnson because the judgment is against G. W. Johnson and the tax deed recites such judgment and adopts 'the error. It will be seen that the petition has the proper defendant by name, George M. Johnson, the order of publication has the proper defendant by name, the proof of publication has the proper defendant and the order of publication was actually published against the proper defendant by name, but that, presumably by the misprision of the clerk, the middle initial 'M' was pretermitted in the judgment and 'W' inserted in lieu thereof. Does this render the judgment void under the foregoing facts? We think not. This judgment could have been corrected by a *nunc pro tunc* entry on the data existing in the clerk's office. [Stevenson v. Black, 168 Mo. 1. c. 561; R. S. 1899, sec. 660.] And equity considers that done which should have been done.

"Not only so, but by the Statute of Jeofails, existing at the time this suit was brought, and now appear-

ing in Revised Statutes 1899, as section 672, it was and is provided that no 'judgment after trial or submission,' no 'judgment upon confession *nihil dicit* or upon failure to answer,' should 'be reversed, impaired or in any way affected by reason of . . . any mistake in the name of any party or person . . . when the correct name . . . shall have been once rightly alleged in the pleadings or proceedings.' If, therefore, the tax judgment had been appealed from, this court, even in such direct proceeding, could not have stayed, reversed or impaired it by reason of the misprision of the clerk in changing the true name once appearing in the records, George M. Johnson, to G. W. Johnson.

"We are cited to cases holding that a tax judgment is void where it is based upon an order of publication not directed to the true owner of the land by his record name, but directed to a person whose Christian name appears therein by initials only. Samples of this line of cases are: Gillingham v. Brown, 187 Mo. 181; Spore v. Ozark Land Co., 186 Mo. 656; Vincent v. Means, 184 Mo. 327; Turner v. Gregory, 151 Mo. 100; Elting v. Gould, 96 Mo. 535. But all those cases on investigation will be shown to be based on the principle that constructive service must be viewed critically in order to prevent, so far as can be, irreparable injury, and that a publication against a defendant by the initials of his Christian name was not precise enough for constructive service, giving jurisdiction, and did not come within the purview of the statute requiring such suit to be brought in the name of the owner. [See R. S. 1879, sec. 6837, now appearing as R. S. 1899, sec. 9303.] The matter lying at the root of those cases and in judgment was jurisdiction and due process of law, and it was held, in effect, that by that character of publication jurisdiction was not acquired. But the case at bar is not within the rationale of those cases, for here the defendant was brought into court by

a proper order of publication directed to him by his true name.

"Furthermore, the judgment in question was concededly rendered in a cause wherein George M. Johnson was the record defendant, the execution is shown to have issued in the identical cause and the sale and deed followed. If under these circumstances the grantee in the Morrison deed had been an innocent purchaser, one with no knowledge of this tax title or these defects, a different question might arise, but appellant, James M. Morrison, who made the purchase on behalf of himself and his wife, knew the whole history of the title to this land from his search of the records, and, as a matter of deliberate and cool judgment, determined to defeat or avoid the tax proceedings on the theory that they were void, and thereby placed himself in a position not entitled to broad judicial sympathy. When an error of the character under consideration shows a lack of jurisdiction, the result is one thing; but where jurisdiction has been fairly acquired, then errors of such character are mere irregularities not going to the root of the matter and, as said, not amenable to collateral attack. [Lovitt v. Russell, 138 Mo. 474; Rorer on Judicial Sales (2 Ed.), sec. 171.]"

So we say in the case at bar. The petition was in due form. The publication and the proof of publication was in due form. Defendants were duly named in all, and land properly described in all, the ownership of the land declared to be in such defendant throughout all. The jurisdiction of the court is fully fixed, and the only trouble is the misprision of the clerk in making some omissions in writing up a judgment, evidently upon a printed form. Everything here complained of as to this judgment, as said in the Morrison case, supra, "could have been corrected by a *nunc pro tunc* entry on the data existing in the clerk's office. [Stevenson v. Black, 168 Mo. l. c. 561; R. S.

1899, sec. 660.]  And equity considers that done which should have been done.'' Under these rulings we do not feel that we should say that there was no judgment in the tax suit.  In this collateral attack what is called a judgment is sufficient to stand.

This concludes all the questions raised and from what has been said it follows that the judgment must be affirmed.  It is so ordered. ˙ All concur.